EASTERN DIS.
*April*, 1841.

BIERNACKI
*vs.*
MEXIA.

## BIERNACKI *vs.* MEXIA.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

A party setting up an unliquidated demand in compensation and reconvention of a suit on a promissory note, must bring himself strictly within the rules, and be ready with his evidence at the time fixed for trial.

This is an action by Madame Adele Baird, wife of C. Biernacki, on a promissory note signed by Madame Charlotte Mexia, widow of the late General Mexia, and payable to the order of the plaintiff the 24th October, 1840, for $300.

The defendant admitted her signature, but pleaded an account for goods sold and delivered to the plaintiff amounting to $500, in compensation and reconvention.

The cause came on for trial the 18th January, 1841, when the defendant's counsel moved for a continuance on the ground that he had on the 13th applied for a commission to take the testimony of a witness in Mexico, &c.: various circumstances are stated in the counsel's affidavit and grounds for the continuance, why this testimony was not had or applied for sooner. The application was overruled and the party ruled to trial. He excepted to the decision of the court.

There was judgment for the plaintiff and rejecting the reconventional demand. The defendant appealed.

*S. L. Johnson*, for the plaintiff.

*Soulé*, for the appellant.

*Morphy, J.* delivered the opinion of the court.

This action is brought by the payee of a promissory note against the maker. The answer admits the defendant's signature, but sets up a claim in reconvention for a larger sum than the amount of the note, and demands judgment for the balance. There was below a non-suit as regards the plea in reconvention, and judgment in favor of plaintiff on the principal demand. The defendant appealed.

The only point presented for decision in this case is whether

the judge properly ruled defendant to trial. Her counsel moved for a continuance and showed for cause that shortly before the trial came on he had made an affidavit of the materiality of a witness in Mexico, for the purpose of obtaining a commission. It does not appear that the commission applied for was taken out, interrogotaries served on the plaintiff, or any other step taken other than the making of this affidavit. The judge was of opinion that it was insufficient because it did not show that the witness, whose testimony was sworn to be material, had departed from this city before the institution of the suit; and that due diligence had been used to obtain the testimony. We but seldom interfere with the decisions below on questions of this sort; the courts of the first instance have better opportunities than we can have of deciding them correctly; and although we cannot perceive evidence of any absolute want of diligence on the part of defendant, yet when an unliquidated demand, in support of which evidence must be procured abroad, is set up in opposition to a claim on a note of hand, the party praying for a continuance must bring himself strictly within the rules of law and the regulations of the courts. The appellee has prayed for damages; we think that none should be awarded in this case. The record has been filed in this court on the 25th of last month; if delay was the only object of the appellant, as is contended, she has been unsuccessful in obtaining it, and we can allow only such damages as may be equivalent to the loss sustained in consequence of such delay.

The judgment of the Parish Court is therefore affirmed with costs.